IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS RHODIFER                                                                                     PLAINTIFF

v.                                              CIVIL NO. 23-5182

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Travis Rhodifer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on May 18, 2021, alleging an inability to work since January 1, 2021, due to rheumatoid arthritis, a hernia, scoliosis, an autoimmune deficiency, a crushed vertebra, nerve damage, shoulder pain, flat feet, anxiety, and

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

panic attacks. (Tr. 61, 222, 227). An administrative telephonic hearing was held on October 17, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 31-58).

By written decision dated November 2, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: inflammatory arthritis, depression, and anxiety. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to jobs with simple tasks with no detailed or complex instructions, work tasks should be learned and performed by rote with few variables and little use of judgement, interpersonal contact should be only incidental to the work performed and supervision should be simple, direct and concrete.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a packer, an assembler, and a hardware assembler. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on August 24, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence

on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an

3

impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations. In doing so, the ALJ did not address Plaintiff's alleged gastrointestinal issues and what impact this impairment had on Plaintiff's ability to perform substantial gainful activity.

A review of the record revealed that an SSA disability form dated March 16, 2022, indicated Plaintiff reported a worsening of his condition due to irritable bowel syndrome and abdominal pain. (Tr. 356-363). Medical records during this time period also revealed that Plaintiff was diagnosed with chronic diarrhea, reported upper stomach cramps and messy diarrhea, and was referred to a gastroenterologist for a consult due to possible irritable bowel syndrome. (Tr. 429-431, 420-421, 462-463). On March 9, 2022, Plaintiff was seen by Chelsea Marquis, NP, of GI Alliance, who noted Plaintiff's report of sharp pain throughout the abdomen most notable in the epigastric region and bilateral lower quadrants and having three to ten random loose stools during the day and throughout the night. (Tr. 487-489). After examining Plaintiff, NP Marquis diagnosed Plaintiff with diarrhea, abdominal pain, gastroesophageal reflux disease, excessive belching, nausea and vomiting and ordered an esophagogastroduodenoscopy and a colonoscopy. NP Marquis noted Plaintiff's symptoms could be due to irritable bowel syndrome and/or functional dyspepsia and that treatment recommendations would be given after testing. At the administrative hearing on October 17, 2022, Plaintiff testified that he was on medication to help with vomiting and stomach problems. (Tr. 42). Plaintiff testified that he continued to experience abdominal discomfort and diarrhea daily, and that he has had accidents because he could not get to a restroom in time. (Tr. 47-48). Because the ALJ failed to address Plaintiff's testimony regarding his gastrointestinal problems to include frequent and unexpected use of the restroom that appears to be supported by the medical records that revealed Plaintiff's diagnosis and treatment for on-going gastrointestinal problems, the Court is unable to determine if the ALJ's determination is supported by substantial evidence.

Accordingly, the Court believes remand is warranted for the ALJ to more fully and fairly develop the record with respect to Plaintiff's gastrointestinal impairment. With this evidence, the

ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of May 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE